Case 4:13-cv-00608-A Document 13 Filed 11/07/13 Page 1 of 6 PageID 138

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 7 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAJ K. WADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-608-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Taj K. Wade, a state prisoner currently incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) in Iowa Park, Texas, against William Stephens, Director of (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On July 17, 2009, pursuant to a plea bargain agreement, petitioner pleaded guilty to one count of engaging in organized criminal activity in the Criminal District Court Number Two of

Tarrant County, Texas, and the trial court assessed his punishment at 32 years' and 6 months' imprisonment. (01SHR[1] at 40) Petitioner did not directly appeal. (Pet. at 3) Petitioner has filed two state postconviction habeas applications challenging his conviction. The first was filed on August 17, 2012,[2] three years after his conviction became final, and denied by the Texas Court of Criminal Appeals on November 14, 2012, without written order. (01SHR at cover, 12) The second was filed on December 18, 2012, and dismissed by the Texas Court of Criminal Appeals as a successive petition on March 6, 2013. (02SHR at cover, 14)

This federal petition was filed on July 12, 2013,[3] in which

---

[1] "01SHR" refers to the state court record in petitioner's state habeas application no. WR-78,484-01; "02SHR" refers to the state court record in his state habeas application no. WR-78,484-02.

[2] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not however reflect the date petitioner placed the documents in the prison mailing system. Allowing all leeway to petitioner, the dates the applications were signed by him are considered the dates they were placed in the prison mailing system and, thus, filed for purposes of this opinion. (01SHR at 12; 02SHR at 14)

[3] Petitioner's federal habeas petition is also deemed filed when it was placed in the prison mailing system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

petitioner claims (1) his confession was coerced, (2) evidence favorable to the accused was withheld, and (3) he received ineffective assistance of trial counsel. (Pet. at 7) As ordered, respondent has filed a preliminary response addressing only the issue of limitations, wherein he contends the petition is time-barred. (doc. entry #12)

## II.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

>    (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on Monday August 17, 2009,[4] and closed one year later on August 17, 2010, absent any applicable tolling. *See* Tex. R. App. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Under the statutory tolling provision, petitioner's state habeas applications filed after limitations had already expired did not operate to toll the limitations. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has

---

[4]August 16, 2009, was a Sunday.

4

petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner did not reply to respondent's preliminary response within the time allowed or otherwise assert a reason for his late filing, and there is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Petitioner's three-year delay in seeking postconviction habeas relief also mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before August 17, 2010, therefore his petition filed on July 23, 2013, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED November 7, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6